NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LILLIAN M. JONES, M.D., | No. 17-16949 |
| Plaintiff-Appellant, | D.C. No. 1:07-cv-00015-HG-KSC |
| v. | |
| HAWAII RESIDENCY PROGRAM, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Lillian M. Jones, M.D., appeals pro se from the district court's order denying

her motion to set aside the judgment. We have jurisdiction under 28 U.S.C.

§ 1291. We review for an abuse of discretion. *United States v. Sierra Pac. Indus.,*

*Inc.,* 862 F.3d 1157, 1166 (9th Cir. 2017). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by denying Jones's motion for relief under Federal Rule of Civil Procedure 60(d)(3) because Jones failed to establish by clear and convincing evidence a fraud on the court. *See United States v. Estate of Stonehill*, 660 F.3d 415, 443-45 (9th Cir. 2011) (a party seeking to set aside a judgment on the basis of fraud on the court must demonstrate by clear and convincing evidence an effort to undermine the workings of the adversary process itself or prevent the judicial process from functioning in the usual manner); *Pizzuto v. Ramirez*, 783 F.3d 1171, 1180 (9th Cir. 2015) ("[A] party bears a high burden in seeking to prove fraud on the court, which must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Jones's motion for reconsideration because Jones failed to demonstrate any grounds warranting relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e) and 60(b)).

**AFFIRMED.**